Jimmy HARRIS, Plaintiff–Appellant,

v.

State of MISSISSIPPI,
et. al, Defendants,

Michelle D. Eubanks, Director of Inmate Legal Assistance Program at Southern Mississippi Correctional Institute; Johnnie Denmark, Deputy Warden of Southern Mississippi Correctional Institute; Auchor Davis, Chief Correctional Officer at Southern Mississippi Correctional Institute; Gloria West, Lieutenant Correctional Officers at Southern Mississippi Correctional Institute; Brenda Sims, Lieutenant Correctional Officers of Southern Mississippi Correctional Institute; Dan McLeod, Sergeant at Southern Mississippi Correctional Institute; Regina Hancock, Classifica-

tion Officer at Southern Mississippi Correctional Institute; Florence Jones, Classification Officer at Southern Mississippi Correctional Institute; Jimmy Pearce, Disciplinary Chairperson/Hearing Officer at Southern Mississippi Correctional Institute; C. David Turner, Superintendent of Southern Mississippi Correctional Institute; Robert L. Johnson, Commissioner, Mississippi Department of Corrections, Defendants–Appellees.

No. 03–60912.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 4, 2004.

Jimmy Harris, Leakesville, MS, pro se.

John Lewis Clay, Jane Lanier Mapp, Jackson, MS, Leonard Charlton Vincent, Parchman, MS, for Defendants–Appellees.

Before JOLLY, EMILIO M. GARZA, and PICKERING, Circuit Judges.

PER CURIAM: *

Jimmy Harris filed a civil rights action against the State of Mississippi and numerous individual defendants. The parties consented to adjudication by a magistrate judge pursuant to 28 U.S.C. § 636(c). Harris noticed an appeal from two orders issued by the magistrate judge: (1) an order refusing to reconsider a previous order denying leave to file an amended complaint, and (2) an order denying class certification.

---

The parties dispute whether this court enjoys jurisdiction. As a court of limited jurisdiction, this court has authority to hear appeals only from "final decisions" under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under Federal Rule of Civil Procedure 54(b), or some other nonfinal order or judgment to which an exception applies. *See Briargrove Shopping Center Joint Venture v. Pilgrim Enter., Inc.,* 170 F.3d 536, 538 (5th Cir. 1999).

The orders appealed from are not final decisions under 28 U.S.C. § 1291, *see Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Click v. Abilene Nat. Bank,* 822 F.2d 544, 545 (5th Cir.1987), and we can discern no basis for appellate jurisdiction. Accordingly, the appeal is DISMISSED for lack of jurisdiction.

APPEAL DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.